## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Clifford Mahaley, employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, having been duly sworn, do hereby depose and state as follows:

## INTRODUCTION

1. Your affiant is an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510 (7). Your affiant is therefore, an officer of the United States who is empowered by law to conduct investigations and to make arrest for the offenses enumerated in Title 18, United States Code, Section 2516. Your affiant is currently assigned to ATF San Juan conducting investigations of federal firearms violations and other federal violations. Your affiant was also previously employed by the City of Charlotte, North Carolina as a Police Officer for several years.

2. Your affiant has conducted investigations into the unlawful possession of firearms. Through training, investigations, and experience, I have taken part in cases relating to the trafficking of firearms, the use and possession of firearms by persons prohibited by law, and the possession of illegal firearms. Your affiant is familiar and has participated in various methods of investigations, including, but not limited to: electronic surveillance, physical surveillance, interviewing and general questioning of witnesses, use of confidential informants, use of cooperating witnesses, and use of toll records and subscribers information.

3. Your affiant has conducted and participated in numerous investigations to include: crime scene investigations, collection of evidence, interviews, and the execution of search warrants.

1

4. The details and information stated herein are based on my training, experience and personal knowledge and compilation of facts and events investigated by me and other Law Enforcement Officers, who investigated and confirmed their veracity or oversaw their development. I have drafted this affidavit for the limited purpose of establishing probable cause for certain violations of law by Luis **FIGUEROA-RIVERA**, therefore, I have not included all the facts of this investigation.

## FACTS SUPPORTING PROBABLE CAUSE

5. According to PRPB Agents from the Intelligence and Arrest Unit of Humacao, on or about the morning of January 29th, 2025, PRPB Agents received information from an anonymous caller stating that Luis **FIGUEROA-RIVERA** (hereafter referred to as **FIGUEROA-RIVERA**), was selling drugs and in possession of firearms. The caller stated that **FIGUEROA-RIVERA** resides at a house on Gladiola St, in the Junquitos neighborhood in Humacao.

6. Upon gathering the information, PRPB Agents were already aware of an individual by the name of Luis **FIGUEROA-RIVERA** (A.K.A "CHEESETRI"), and his residence located at 108 Gladiola St, Humacao, PR 00791(hereinafter also referred to as the "Target Residence"). PRPB Agents explained that sometime during December 2024, unknown individual(s) shot at **FIGUEROA-RIVERA's** residence. PRPB Agents stated that **FIGUEROA-RIVERA** was known to PRPB Agents in their area.

7. On January 29th, 2025, at approximately 5:00 p.m., a PRPB Agent conducted surveillance near the Target Residence. The PRPB Agent observed the person previously identified by PRPB as **FIGUEROA-RIVERA**, exit the Target Residence. The PRPB Agent stated that **FIGUEROA-RIVERA** was shirtless and had a firearm in his waist band. The PRPB Agent stated that

2

**FIGUEROA-RIVERA** met an unknown individual in the driveway of the Target Residence and conducted what appeared to be, from his training and experience, a drug transaction.

7. On January 31st, 2025, at approximately 3:00 p.m., a PRPB Agent conducted surveillance at the Target Residence. The PRPB Agent stated that he observed **FIGUEROA-RIVERA** exit the Target Residence, wearing a green shirt and carrying a backpack. The PRPB Agent stated that **FIGUEROA-RIVERA** walked out to the driveway and met an unknown male individual. The PRPB Agent then observed what appeared to be, from his training and experience, another drug transaction.

8. On February 6th, 2025, at approximately 4:10 a.m., PRPB Agents from the Intelligence and Arrest Unit, PRPB K9 Unit, along with PRPB Crime Scene, executed a state issued search warrant on the Target Residence located at 108 Gladiola St, Humacao, PR. PRPB Agents stated that as they conducted the knock and announce at the Target Residence, they observed a window open on the side of the residence and a firearm was thrown outside. PRPB Agents on the perimeter were able to secure the firearm while PRPB Agents made entry into the Target Residence.

9. Once inside the residence, PRPB Agents detained the person earlier identified by PRPB Agents as, **FIGUEROA-RIVERA** and the person later identified as the father of **FIGUEROA-RIVERA**, Angel Luis Figueroa-Marquez, in the living room area. **FIGUEROA-RIVERA** and his father were shown a copy of the search warrant and read a verbal Miranda warnings in the Spanish language.

10. PRPB Agents stated **FIGUEROA-RIVERA** told PRPB Agents that all the evidence that would be found was in his (**FIGUEROA-RIVERA**). **FIGUEROA-RIVERA** said that his father had nothing to do with anything illegal found in the residence.

11. PRPB Agents conducted the search of the of Target Residence and located the following evidence:

- one (1) black Glock pistol; Model: 23; .40 caliber; serial number: PBA474, with one (1) Glock magazine. The firearm had a machine-gun conversion device (A.K.A. CHIP) attached to the slide. A machine-gun conversion device allows the firearm to fire more than one round of ammunition, by a single pull of the trigger, without manually reloading.
- four (4) Glock magazines
- eighteen (18) rounds of .40 caliber ammunition
- twenty-five (25) transparent plastic bags with a white powdery substance (field tested positive to cocaine)
- ninety-one (91) transparent plastic bags containing a white granular substance (field tested positive to crack cocaine)
- fifteen (15) transparent plastic bags containing tinfoil wrappers with (field tested positive to heroin)
- assorted drug paraphernalia
- $1323.00 in USD
- Two (2) cellular phones

12. The items listed above (except for the firearm that was recovered outside) were recovered in **FIGUEROA-RIVERA's** bedroom.

13. Subsequently, **FIGUEROA-RIVERA** and his father were transported to PRPB Precinct Humacao.

14. PRPB Agents stated that once they arrived at PRPB Precinct in Humacao, **FIGUEROA-RIVERA,** signed a written Miranda form and spoke to PRPB Agents. PRPB Agents stated that **FIGUEROA-RIVERA** stated that the firearm and any drugs found inside the house were his and

4

not his father's. **FIGUEROA-RIVERA** also stated that the firearm was full (in other words, that it was a machine-gun). In addition to the verbal statement, **FIGUEROA-RIVERA** wrote and signed a statement saying that the firearm was his and not his father's.

15. PRPB Agents conducted a field test for the aforementioned controlled substances (cocaine, crack cocaine, and heroin) which tested positive for cocaine and heroin. PRPB Agents went on to explain that shortly after the field tests were conducted, **FIGEROA-RIVERA** requested an attorney.

16. The PRPB Agent that conducted the surveillance positively identified **FIGUEROA-RIVERA** as the individual observed on January 29th and January 31st, 2025, suspected of selling controlled substances out of the Target Residence.

20. The investigation revealed that **FIGEROA-RIVERA** was previously convicted of a crime punishable by imprisonment for a term exceeding one year.

21. ATF Agents conducted a functions test (dry test) on the aforementioned firearm which revealed that the firearm could be capable of firing more than one round of ammunition, by a single pull of the trigger, without manual reloading.

22. The ATF investigation also revealed that there are no commercially manufactured firearms or ammunition manufactured in the Commonwealth of Puerto Rico, therefore the firearms and ammunition listed above traveled in interstate or foreign commerce.

## CONCLUSION

23. Based on the aforementioned information and investigation, your affiant believes that there is probable cause to believe that Luis **FIGUEROA-RIVERA** (A.K.A. "CHEESETRI") violated Title 18, United States Code, Section 922(g)(1) (possession of a firearm and ammunition by a felon), Title 18, United States Code, Section 924(c)(1)(B)(ii), (possession of a machinegun in

furtherance of a drug trafficking crime), Title 18, United States Code, Section 922(o) (possession of a machinegun), and Title 21, United States Code, section 841(a)(1), possession of controlled substances with the intent to distribute.

I hereby declare, under penalty of perjury, that the information contained in this Affidavit is known to be true and correct to best of my knowledge.

Clifford Mahaley
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn and subscribed to me in accordance with the requirements of FRCP 4.1 this __7th__ day of February, 2025, in San Juan, Puerto Rico. at 12:25 p.m.

Digitally signed by Hon. Bruce J. McGiverin

Hon. Bruce J. McGiverin
United States Magistrate Judge
United States District Court
District of Puerto Rico